ERIC H. SAIKI (SBN 155762)
   *esaiki@radcliffsaiki.com*
RADCLIFF & SAIKI LLP
21515 Hawthorne Blvd. Suite 650
Torrance, CA 90503
Telephone: (310) 698-0600
Facsimile: (310) 698-0601

Attorneys for Plaintiff, PINNACLE ARMOR, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE ARMOR, INC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.:   1:07-cv-01655-LJO-SAB <br><br> **STIPULATION RE DISCOVERY AND ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff on the one hand, and Defendant, on the other hand, by and through their counsel of record, that:

1. On February 12, 2013, the Court issued its Order re Plaintiff's Motion to Supplement the Administrative Record (ECF 81). The Order allowed Plaintiff to file a very narrow motion for discovery to uncover whether the National Institute of Justice ("NIJ") considered additional data from the Army or DOD, and set the deadline for filing said motion for March 1, 2013

2. Accordingly, counsel for Plaintiff and Defendant met and conferred over a stipulation as to the nature of any discovery and/or to supplement the Revised Administrative Record ("RAR") with Army or DOD data.

3. On February 28, 2013, the Court issued an Order, based on the stipulation of the parties, extending the deadlines for the filing of the discovery motion and response, to March 29, 2013, and April 5, 2013, respectively.

4. Due to the continuing discussions of the parties, additional time was required to attempt to resolve the remaining discovery issues in order to obviate the need for a discovery motion. Accordingly, on April 4, 2013, the Court issued a further Order based on the stipulation of the parties, extending the deadlines for the filing of the discovery motion and response to April 19, 2013, with the response deadline continued accordingly to April 26, 2013.

5. The parties were subsequently able to stipulate to some, but not all of, the information sought by Plaintiff.

6. With respect to the information sought, Plaintiff requested that the NIJ provide documents and/or information regarding:

    a. Any and all documents sent by the Army and/or the Department of Defense ("DoD") to the NIJ or its affiliated offices regarding Pinnacle Armor, Inc.'s products during the years 2006 and 2007;

    b. Any and all documents sent by the NIJ or its affiliated offices to the Army and/or DoD regarding Pinnacle Armor Inc.'s products during the years 2006 and 2007;

   c. Any and all documents received by the NIJ or its affiliated offices from any source which it is aware was also provided to or possessed by the Army and/or DoD regarding Pinnacle Armor Inc.'s products during the years 2006 and 2007;

   d. Any and all transmittal letters, cover sheets, or the like which accompanied any of the material in items [a through c] above;

  7. In response to these four requests, the NIJ responded that the only documents it had that were responsive to these requests were already in the Revised Administrative Record. Accordingly, the parties stipulate and agree that formal written discovery would not result in the production of any additional documents that were not already in the Revised Administrative Record.

  8. Plaintiff also requested information on the nature and substance of any conversations that took place between the NIJ, on the one hand, and the Army/DOD, on the other. The questions were as follows:

   a. Please identify any and all persons from or affiliated with the Army and/or DoD who had conversations with NIJ personnel or affiliated offices regarding Pinnacle Armor Inc.'s products during the years 2006 and 2007;

   b. Please identify any and all persons from or affiliated with the NIJ or its affiliated offices who had any conversation with the Army and/or DoD regarding Pinnacle Armor Inc.'s products during the years 2006 and 2007;

   c. Please state the substance of any and all conversations identified in items [a and b] above.

  9. The NIJ responded that conversations between it and the Army/DOD did indeed take place regarding Pinnacle Armor, Inc.'s products during the years 2006 and 2007, but that it would not state the substance of those conversations. The NIJ further responded that the identities of the persons who may have participated in such conversations could be gleaned from the Revised Administrative Record, but declined to provide plaintiff with a list of individuals who actually had engaged in such conversations.

10. Accordingly the parties have been unable to reach a complete agreement as to the documents or information that would supplement the Revised Administrative Record.  Plaintiff therefore will file a discovery motion on April 19, 2013, which the NIJ will oppose on April 26, 2013, as authorized by the February 12, 2013 Order.

11. The parties have agreed, however, that once the ruling on the discovery motion, and any discovery as may be allowed is completed, that the case may be resolved on the parties' cross-motions for summary judgment in accordance with a briefing schedule generally as follows:

    a. The NIJ will file its Motion for Summary Judgment;

    b. Plaintiff will file its Opposition and Cross-Motion for Summary Judgment;

    c. The NIJ will file its Opposition and Reply in Support of its Motion for Summary Judgment;

    d. Plaintiff will file its Reply in Support of its Cross-Motion for Summary Judgment.

12. The parties agree that the final briefing schedule should take into account counsel for the parties' existing work commitments and trial schedules and they will confer on proposing a briefing schedule to the court.

///

///

///

1    13.  In light of the parties' decision to file cross-motions for summary judgment, the NIJ agrees to withdraw its Third Motion to Dismiss or in the Alternative Motion for Summary Judgment, ECF No. 64.[1]

Dated:  April 19, 2013                    RADCLIFF & SAIKI, LLP


                                          By: /s/ Eric H. Saiki
                                               Eric H. Saiki
                                          Attorneys for Plaintiff
                                          PINNACLE ARMOR, INC.

Dated:  April 19, 2013


                                          By: /s/ Tamra T. Moore
                                               Tamra T. Moore
                                          Attorneys for Defendant
                                          UNITED STATES OF AMERICA


IT IS SO ORDERED.

   Dated:  **April 19, 2013**
                                          _____
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Although this Court has ruled that plaintiff's suit is not moot, *see, e.g.*, Oct. 26, 2012 Order, ECF No. 69, the NIJ respectfully disagrees with the Court's conclusion and contends that this suit should be dismissed for lack of jurisdiction.  The NIJ reserves its right to raise this argument should any appeal follow.  Notwithstanding the NIJ's contention that jurisdiction does not exist in this case, the agency will move for summary judgment in accordance with this Court's October 26, 2012 Order.