# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE ARMOR, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> UNITED STATES OF AMERICA, <br><br>    Defendant. | Case No.  1:07-cv-01655-LJO-SAB <br><br> ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY and VACATING HEARING <br><br> (ECF Nos. 90, 92) |

## I.

## INTRODUCTION

Plaintiff Pinnacle Armor, Inc. ("Pinnacle") filed this action against Defendant United States of America on November 16, 2007.  (ECF No. 1.)  Following remand from the Ninth Circuit Court of Appeals on May 26, 2011, this action is proceeding against Defendant on the claim that National Institute of Justice's ("NIJ") decision to revoke certification for one of Plaintiff's products was arbitrary and capricious in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(1).  (ECF No. 35.)

On November 23, 2012, Plaintiff filed a motion to supplement the administrative record. (ECF Nos. 71, 72.)  Defendant filed an opposition on January 11, 2013, and Plaintiff filed a reply on January 25, 2013.  (ECF Nos. 78, 80.)  On February 12, 2013, District Judge Lawrence J. O'Neill issued an order finding "non-speculative grounds to believe the NIJ considered additional

data from the Army or DOD that has not been included in the [administrative record]. (Order re Plaintiff's Motion to Supplement the Administrative Record 18:21-22, ECF No. 81.) Judge O'Neill allowed Plaintiff the opportunity "to file a very narrow motion for discovery to uncover whether NIJ considered additional data from the Army or DOD." (ECF No. 81 at 18:21-19:1.) On April 19, 2013, Plaintiff filed the instant motion for discovery seeking to take the depositions of six individuals who discussed information with the Army/Department of Defense ("DOD") and to serve a document subpoena on the provider of data included in the administrative record. (ECF No. 90.) Defendant filed a reply on April 26, 2013, arguing that under the APA, absent extraordinary circumstances that are not present here, Plaintiff's complaint is to be resolved on the administrative record compiled by the agency. (ECF No. 92.) Plaintiff did not file a reply.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on May 22, 2013, shall be vacated and the parties will not be required to appear at that time. Having considered the moving and opposition papers, as well as the Court's file, the Court issues the following order.

## II.

## POSITION OF THE PARTIES

Plaintiff claims that a "comprehensive data package" from the Army was considered in making the determination in this case and has not been included in the administrative record. (Plaintiff Pinnacle Armor, Inc.'s Motion for Discovery 3,[1] ECF No. 90.) Plaintiff contends that a June 20, 2007 e-mail confirms that a "comprehensive data package" of the Army/DOD data was likely delivered to the NIJ, but that data is not contained in the administrative record. Plaintiff argues that if this information had been included in the administrative record, Defendant would have cited to it, rather than to House testimony, in their previous motion to dismiss. Plaintiff also contends that a "summary assessment referred to in the June 20, 2007 e-mail is not included in the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

administrative record. Plaintiff also argues that oral discussions occurred between the NIJ and the Army/DOD regarding Plaintiff and the substance of those conversations comprise "information" or "data" that was considered and this information is not included in the administrative record and can only be obtained through depositions of the individuals involved. (Id. at 4.)

Initially, Plaintiff seeks to depose six individuals, Karl Masters (Army), Marc Chaplan (NIJ), Kirk Rice (NIJ), Alex Sundstrom (NIJ), John Morgan (NIJ), and Lance Miller (NIJ), based on information gleaned from the July 20, 2007 e-mail to determine other individuals who may have exchanged information. Plaintiff contends that while the NIJ does not possess the information they seek, that is not a reason to move forward to summary judgment on an incomplete record. (Id. at 5.)

Defendant opposes the motion for discovery on the ground that absent extraordinary circumstances not present here, APA claims are to be resolved on the administrative record compiled by the agency. Defendant contends that additional discovery would only be warranted if Plaintiff could demonstrate with concrete evidence that the NIJ relied upon documents that are not in the administrative record. Defendant states that Plaintiff is incorrect in claiming that the "comprehensive data package" is not included in the administrative record. (Defendant United States' Opposition to Plaintiff's Motion for Discovery 2, ECF No. 92.) Defendant contends that the "comprehensive data package" referred to in Plaintiff's motion is included in the administrative record at AR 170-228J. (ECF No. 92 at 5.) Defendant argues that since the administrative record contains all material the Army provided to the NIJ in 2007 regarding Plaintiff's Dragon Skin body armor models, and the NIJ did not consider any additional data from the Army, Plaintiff's motion for discovery should be denied. (Id. at 6.)

### III.

### LEGAL STANDARD

A person suffering a legal wrong due to a decision by an agency of the United States is entitled to review of the decision. 5 U.S.C. § 702. Generally, the scope of review for final agency decisions under the APA is limited to review of the administrative record. Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988). However, the Ninth Circuit has

3

recognized limited situations in which there are exceptions that justify expanding the administrative record or permitting discovery. Public Power Council v. Johnson, 674 F.2d 792, 793 (9th Cir. 1982). The court may inquire outside the administrative record where it is necessary to explain the agency action; when it appears the agency has relied on documents not in the record; to explain technical terms or complex subject matter involved in the agency decision; or where there is a showing of agency bad faith. Animal Defense Counsel, 840 F.2d at 1436-37; Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U. S. Department of Agriculture, 499 F.3d 1108, 1117 (9th Cir. 2007). Normally, a strong showing of bad faith or improper behavior is required before the court may inquire into the thought processes of the agency decision makers. Public Power Council, 674 F.2d at 794.

An agency's action, including designation and certification of the administrative record, is entitled to a "presumption of administrative regularity." McCrary v. Gutierrez, 495 F.Supp.2d 1038, 1041 (N.D.Cal. 2007). Therefore, courts presume that public officials have properly discharged their official duties. McCrary, 495 F.Supp.2d at 1041. It is the burden of the party seeking to supplement the record to overcome this presumption by clear evidence to the contrary. Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993); McCrary, 495 F.Supp.2d at 1041; In re Delta Smelt Consolidated Cases, No. 1:09-cv-01053-OWW-DLB, 2010 WL 2520946, at *2 (E.D.Cal. June 21, 2010).

## IV.

## DISCUSSION

As relevant here, if the party challenging the agency action contends that the record is incomplete, discovery can be allowed so that a record of all documents and materials that were directly or indirectly considered by the agency in making the decision are provided. Public Power Council, 674 F.2d at 794. Plaintiff contends that an e-mail sent on July 21, 2007, shows that a "comprehensive data package" was received by NIJ and was not provided in discovery. The July 20, 2007 e-mail from Kirk Rice to Marc Caplan, Lance Miller, Debra Stoe, and Brenda Worthington states:

> I didn't have an opportunity to look too closely, but I believe Karl left a fairly

comprehensive data package of the Army test results with Alex on Friday. During our discussions, Karl mentioned some additional DOD (Army) tests in April 2006 at HP White.  He agreed to send those to Alex and me . . . and he did so yesterday--just a couple pages of level III tests.  I'm not sure who has the AF test results.  Karl may (I don't know if those are in the package Alex has???). Anyway we can sort that out on Thursday and determine what we do not have and then figure out how to get it.  We may have to approach Chris Ptachik (I believe he's an AF contractor with detailed knowledge of their tests).  For starters though, if I could get a complete copy of the package Karl left with Alex on Friday, I'll commit some time to reviewing it and writing up observations.  I should be able to have a draft summary of that assessment by early next week.  I'd rather not go much longer than that [sic]

[] I'll wire Mike into this as well--he's been very busy with ballistic testing of the environmentally conditioned armor samples (he's completed the V50s but still has to wrap up some Vref tests that will take him into next week). . . but he's been following the Dragon Skin issues closely too and should be able to provide some valuable commentary.

Lance, could you please confirm with Alex what the most complete picture looks like regarding test data?  It would also make sense to me to include all of the NIJ tests in this review too.  Would it be possible to get a copy of all of this Thursday [] I don't know what the easiest approach is. . . whether someone at NLECTC could burn a copy, scan it and email it, or I'd be happy to borrow it and make a copy. . . just let me know what works best.

(ECF No. 90-2 at 3.)

### A. The Administrative Record Includes the "Comprehensive Data Package" Referenced in the July 20, 2007 E-mail

In Defendant's opposition to Plaintiff's motion to supplement the record, Defendant contended that the documents described in this e-mail were contained in the administrative record at 229-98.  (ECF No. 78 at 13 n. 7.)  Judge O'Neill noted that these documents were a transcript of testimony at a hearing of the House Armed Services Committee and a prepared statement by NIJ's John Morgan.  (ECF No. 81 at 18.)  Finding that those referenced pages did not appear to contain any information or data from either the Army or the DOD, Judge O'Neill found non-speculative grounds to believe that NIJ considered additional evidence from the Army or DOD that was not included in the administrative record.  (Id.)

Although Plaintiff alleges that the "comprehensive data package" referenced in the e-mail is not contained in the administrative record, Defendant now contends that the documents are contained in the administrative record at AR 170-228J.  While it is unclear why the incorrect portion of the administrative record was referenced in Defendant's prior opposition, the Court has

1  reviewed the revised administrative record, dated July 6, 2012, at the cites referenced and finds
2  that the "comprehensive data package" is contained in the administrative record at AR 170-228J.

3  The July 20, 2007 e-mail references a "fairly comprehensive data package of the Army
4  test results." Within the administrative record is a report entitled, ESBI-First Article Test of
5  Pinnacle Armor, authored by Donald Dunn that was sent to the attention of Dr. J. Zheng, Project
6  Manager - Soldier Equipment, Program Executive Office-Soldier, U.S. Army on May 19, 2006.
7  (AR 201.) The letter indicates that ballistic testing was conducted in accordance with the
8  provision of Contract No. W91 CRB-05-D-0022. Id. The report documentation page for the
9  contract lists the responsible person as Karl Masters. AR 170, 202. This report is contained
10 within the administrative record. AR 203-223. Additionally, the abstract for this report states
11 "First Article Testing of Pinnacle Armor was conducted at H.P. White Laboratory." AR 171,
12 202. A second letter sent the same date contained additional Ballistic Resistance Tests conducted
13 by H.P. White Laboratory, Inc. (AR 171, 173-200; 224-228.) The ESBI-First Article Test of
14 Pinnacle Armor was prepared at the request of the United States Army, and the responsible
15 person is Karl Masters. The Court finds that this is the fairly comprehensive data package of the
16 Army test results that "Karl left . . . with Alex." (ECF No. 90-2 at 3.)

17 The e-mail also references some additional DOD (Army) tests that were conducted in
18 April 2006 at HP White. Defendant attaches additional documents to their opposition to this
19 motion. Exhibit A consists of a letter to the attention of Dr. Zheng regarding the April 2006
20 testing of three vest panels, the ballistic resistance tests, pictures of the vests and a graphical
21 representation and data summary for each vest. (ECF No. 92-2.) Included is a declaration stating
22 that it was recently discovered that these ten pages of the materials which the Army provide to the
23 NIJ were inadvertently omitted from the administrative record. (Decl. of George C. Tillery ¶ 2,
24 ECF No. 92-1.) The Court finds that these documents are the results of the additional testing that
25 was conducted in April 2006 that is referenced in the July 20, 2007 e-mail.

26 Therefore, Plaintiff is not entitled to conduct discovery on the material provided to the NIJ
27 by the Army and Plaintiff's motion for a subpoena duces tecum shall be denied.

28

**B.     Plaintiff is Not Entitled to Take Depositions Regarding Oral Discussions Between the NIJ and the Army**

Plaintiff also contends that they are entitled to take depositions regarding the oral discussions that occurred between the NIJ and the Army regarding Plaintiff's products during the relevant time period. Plaintiff argues that these discussions are also "information" or "material" considered by the NIJ. The administrative record is to be composed of "all documents and materials directly or indirectly considered" by the agency decision makers. Thompson v. U.S. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989). The administrative record does not contain a record of verbal discussions between the NIJ and the Army. The question to be decided here is whether Plaintiff is entitled to conduct discovery to obtain information regarding the substance of any such discussions that occurred prior to the decision at issue in this case.

Generally, discovery is not permitted in Administrative Procedure Act cases because the court's review of the agency decision is limited to the administrative record. Common Sense Salmon Recovery v. Evans, 217 F.Supp.2d 17, 20 (D.D.C. 2002); Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000). Whether Plaintiff is entitled to discovery depends on whether they can show that the need for discovery falls within one of the narrowly-crafted exceptions to the general rule. Lands Council v. Powell, 395 F.3d 1019, 1029–30 (9th Cir.2005).

Plaintiff does not contend that deposition of these individuals is necessary to explain the agency action or to explain technical terms or complex subject matter involved in the agency decision. Nor has Plaintiff made a showing of agency bad faith. While Plaintiff contends that these discussions were information that was relied upon in making the agency decision, the documents and materials that were relied on are contained in the administrative record, and Plaintiff has presented no evidence that there was additional information discussed which the agency relied on in making the decision. Plaintiff has not met their burden to show that any of the limited exceptions apply here to allow discovery. Animal Defense Counsel, 840 F.2d at 1436-37.

To the extent that Plaintiff complains that the summary of the data referenced in the e-

7

mail was not provided in the administrative record, a strong showing of bad faith or improper behavior is required before the court may inquire into the thought processes of the agency decision makers. Public Power Council, 674 F.2d at 794.  In this instance, the data itself has been provided and the decision maker's evaluation of this data is not discoverable absent a showing of bad faith or improper behavior.  Plaintiff has not carried the burden of showing by clear evidence that the administrative record is incomplete or that any exception applies that would entitle them to conduct discovery.  McCrary, 495 F.Supp.2d at 1041.  The Court finds that there is no exception present in this action to justify expanding the administrative record or allowing additional discovery.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff has failed to carry their burden of overcoming by clear evidence the presumption that Defendant has assembled a complete administrative record or that any exception exists to show the need for discovery.  Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery, filed April 19, 2013, is DENIED;
2. The motion hearing on May 22, 2013, is VACATED; and
3. The matter is set for further Status Conference on Wednesday, June 5, 2013 at 9:30 a.m., Courtroom 9, before United States Magistrate Judge Stanley A. Boone to set a briefing schedule on Dispositive Motions.

IT IS SO ORDERED.

Dated:   **May 21, 2013**

UNITED STATES MAGISTRATE JUDGE