UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE ARMOR, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | 1:07-CV-01655 LJO DLB<br><br>ORDER REQUESTING CLARIFICATION OF PLAINTIFF'S APA CLAIM. |

The Court is in the process of drafting a comprehensive order addressing the pending cross motions for summary judgment regarding Plaintiff's remaining Administrative Procedure Act ("APA") claim. Among other things, Plaintiff appears to argue that that Defendant, the National Institute of Justice ("NIJ"), an arm of the U.S. Department of Justice ("DOJ"), violated the APA by failing to promulgate its 2005 Interim Requirements for Bullet-Resistant Body Armor ("2005 Interim Requirements") through notice and comment rulemaking. *See* Doc. 99 at 8-9. This argument arguably falls within the scope of paragraph 53 of the First Amended Complaint. Doc. 6.[1]

It is undisputed that Defendant did not utilize notice and comment rulemaking procedures when it promulgated the 2005 Interim Requirements. The Parties have presented various, grossly underdeveloped arguments as to why APA notice and comment rulemaking was or was not required. The Court believes this is a far more complex issue and closer call than either Party acknowledges. In the interest of judicial efficiency, before delving into this complex question of law, the Court hereby requests clarification of Plaintiff's position on this matter. Notably, it does not appear that either Party

---

[1] This argument is made obliquely, as part of Plaintiff's broader argument that "no standard exists for decertifying body armor based upon warranty claims," which is an attempt to build upon the Ninth Circuit's holding that the standards in the 2005 Interim Requirements and 6 U.S.C. § 162 are "adequate to allow a court to determine whether the NIJ is doing what it is supposed to be doing: setting out standards and determining whether law enforcement products should be certified under those standards." Doc. 99 at 8-10.

has thoroughly considered the impact of a finding in favor of Plaintiff on this issue.

The 2005 Interim Requirements permit certification of body armor models if, among other things, the manufacturer certifies that it possesses objective evidence to support a belief that its body armor model "will maintain ballistic performance (consistent with its originally declared threat level) over its declared warranty period." Revised Administrative Record ("RAR") 141. NIJ "shall" decertify body armor if it determines, at any time, that the manufacturer's evidence is "insufficient to demonstrate to the satisfaction of NIJ that the model will maintain its ballistic performance (consistent with its originally declared threat level) over its declared warranty period." RAR 143. In this case, NIJ decertified Plaintiff's body armor model SOV2000.1/MIL3AF01 after concluding Plaintiff's evidence was insufficient to demonstrate SOV2000.1/MIL3AF01 would maintain its ballistic performance over its warranty period. RAR 415.

Plaintiff requests invalidation of this <u>decertification</u> decision, in part so Plaintiff can once again claim that its armor was certified under the 2005 Interim Requirements. However, if the 2005 Interim Requirements are invalid because NIJ failed to follow notice and comment rulemaking, such a finding would likely invalidate Plaintiff's <u>certification</u> under the 2005 Interim Requirements as well.[2] This would render any relief this Court can grant under the APA meaningless, threatening Plaintiff's standing to sue and/or rendering this case moot.[3] *See generally* Doc. 69 (addressing mootness of Plaintiff's APA claim and Plaintiff's standing to pursue same in light of NIJ's issuance of subsequent standards).

---

[2] Although vacatur is not always the appropriate remedy for an agency's failure to abide by the APA's procedural requirements, vacatur is likely the only remedy that would achieve Plaintiff's goal of wholly invalidating the decertification decision.

[3] Plaintiff has requested other remedies, such as "injunctive relief forcing the current directors of the DOJ and NIJ to retract their public statements about the danger in using SOV2000.1/MIL3AF01, and to issue public statements that the Pinnacle body armor has not been found to be dangerous and in fact, that the evidence shows it to be superior to all other body armor in its class." Even assuming, *arguendo*, such a remedy is available in an APA case, an assumption about which the Court has serious doubts, it is not a remedy that would support Plaintiff's standing and/or avert a finding of mootness. *See* Doc. 69 at 12, 14 (discussing how evidence that some customers would continue to purchase Plaintiff's armor if SOV2000.1/MIL3AF01 was reinstated as certified under the 2005 Interim standards, even if it was not certified under the most recent standards, and how that evidence negates a finding of mootness and supports Plaintiff's standing).

Plaintiff is the master of its complaint. If it chooses to pursue this line of argument, the Court will address it and all of its attendant consequences; if Plaintiff chooses to abandon this argument, the court will treat it as abandoned.

      Accordingly, on or before October 31, 2013 at 2pm, Plaintiff shall submit a supplemental memorandum, no longer than three pages in length, indicating whether it wishes to proceed with its argument that the 2005 Interim Requirements were not properly promulgated. Depending on Plaintiff's election, the Court may order further supplemental briefing.

**SO ORDERED**
**Dated: October 28, 2013**

                                  **/s/ Lawrence J. O'Neill**
                                  **United States District Judge**